NOT DESIGNATED FOR PUBLICATION

No. 128,813

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of
B.R.M.,
*Appellant*,

and

N.O.M.,
*Appellee*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; JEFF DEWEY, judge. Submitted without oral argument. Opinion filed February 13, 2026. Affirmed.


*B.R.M.*, appellant pro se.


*N.O.M.*, appellee pro se.


Before WARNER, C.J., HURST and BOLTON FLEMING, JJ.


PER CURIAM: After about 13 years of marriage, B.R.M. (Mother) filed for divorce from N.O.M. (Father). At the time of filing the parties had three minor children. Upon the parties' request, the district court bifurcated its decision and granted the parties' divorce and later filed a separate order addressing child support, child custody, and the division of property. Mother sought reconsideration of the district court's decision, which the court partially granted. The court entered a final journal entry in December 2024—4 years after the trial—to clarify and finalize matters because the parties had filed numerous intervening motions in the time after the court had granted the divorce.

1

Mother now attempts to appeal the entire decision by generally challenging the district court's rulings regarding child support, custody, and the property division. Mother's challenges are vague, lack legal and factual support, and are often without a legal basis. Accordingly, Mother's appeal is unavailing, and the district court is affirmed. While Mother's appeal was unsuccessful, this court cannot say it was so frivolous as to warrant Father's requested remedies and those are denied.

FACTUAL AND PROCEDURAL BACKGROUND

On March 8, 2019, Mother filed for divorce. The couple had three minor children. The matter proceeded to trial, which occurred over two days on October 15, 2020, and November 11, 2020. The court granted the parties a divorce based on incompatibility, but reserved entering permanent orders regarding child custody, child support, and property division.

About 10 months later, on September 20, 2021, the district court issued a memorandum of judgment and decree of divorce. The court made extensive findings on the child custody issue, using the factors outlined in K.S.A. 23-3203, and ultimately found 10 factors neutral, 4 factors irrelevant, and 2 factors that favored each parent. Based on its findings, the court found it in the children's best interests for Mother and Father to maintain joint legal custody as well as shared residential custody on a 2-2-3 schedule unless they mutually agreed in writing to a different schedule.

Regarding child support, the court made findings about the parties' income between the periods of April and December 2019, January and December 2020, and January and September 2021. For the time after October 1, 2021, the court ordered Father to calculate child support for shared residential custody giving credit to Mother for paying the direct expenses for the children. Without identifying any factual findings

2

supporting its decision, the district court ordered Mother's income to be imputed at the federal minimum wage.

The court ordered Father to maintain health insurance for the children, with out-of-pocket expenses shared proportionately between the parties based on their respective incomes. Regarding taxes, the court ordered Mother to claim the children as dependents for years 2019-2021 while Father received the tax adjustment. The court specified that beginning in 2022, Mother would claim the youngest child as a dependent, Father would claim the middle child as a dependent, and the parties would alternate years claiming the oldest child with Mother claiming the oldest child in 2022.

In determining how to divide the marital assets and debt, the district court found the parties were the same age and had been married for 13 years. Relevant to this appeal, the court awarded Mother the marital residence subject to all liabilities. It also assigned Mother the Service Master debt, which the court found was a postfiling debt incurred by Mother. The court also made findings regarding spousal maintenance based on the parties' ages, length of marriage, earning capabilities, property owned, needs and ability to pay, overall financial situations, and issues faced by Mother and Father, respectively.

On October 2, 2021, Mother moved for reconsideration on just about every aspect of the district court's ruling. Mother sought reconsideration of the district court's rulings regarding child custody, child support, and the division of certain property. Relevant to this appeal, Mother alleged the court made several factual mistakes in the findings in its memorandum of judgment and decree of divorce issued in September 2021 and disputed the court's application of its factual findings.

On November 9, 2021, the court ruled on Mother's motion to alter or amend, supplemented its September 20, 2021 order to include detailed findings on its decision to impute Mother's income, and responded to Mother's arguments, partially granting the

3

motion. The district court largely denied Mother's motion after finding that Mother failed to specify alleged errors or provide evidence supporting her claims, was attempting to relitigate facts presented at trial, and made arguments based on new evidence not admitted at trial. To the extent Mother argued the district court erred in its interpretation and application of the law—the court found no error.

On December 13, 2024, the court approved and entered a final journal entry.

Mother now appeals.

DISCUSSION

Mother challenges the district court's rulings regarding child support, child custody, and the division of certain property. Despite Father's contentions, Mother's revised brief—filed at this court's request—is adequate to secure review of her appeal. However, the appendices she attached with her revised brief are not properly before this court because they are not part of the record on appeal. See *Edwards v. Anderson Engineering, Inc.*, 284 Kan. 892, 895, 166 P.3d 1047 (2007) (an appellate court's review is limited to the record on appeal). Supreme Court Rule 6.02(b) only permits an appellant's brief to include an appendix of extracts from the record. (2025 Kan. S. Ct. R. at 36). Accordingly, the documents appended to Mother's brief were not considered as part of this court's review.

I. MOTHER FAILED TO DEMONSTRATE AN ABUSE OF DISCRETION

This court reviews Mother's challenges to the district court's orders regarding child support, child custody, and property distributions for an abuse of discretion. See *State, ex rel. Secretary, DCF v. M.R.B.*, 313 Kan. 855, 861-62, 491 P.3d 652 (2021) (custody); *In re Marriage of Thrailkill*, 57 Kan. App. 2d 244, 257, 261, 452 P.3d 392 (2019) (support

4

and property division). An appellate court generally reviews a district court's application of the Kansas Child Support Guidelines de novo. *In re Marriage of L.F. and M.F.*, 65 Kan. App. 2d 175, 197-98, 562 P.3d 1014 (2025). In any event, Mother fails to identify any error in the district court's child support worksheet calculations, so this court will review her general objections for an abuse of discretion. A court abuses its discretion when its decision is based on an error of law or fact or when its decision is arbitrary, fanciful, or unreasonable such that no reasonable jurist would agree with the decision. *In re A.S.*, 319 Kan. 396, 400, 555 P.3d 732 (2024). As the party asserting the error, Mother bears the burden of showing the court abused its discretion. *In re Parentage of R.R.*, 317 Kan. 691, Syl. ¶ 3, 538 P.3d 838 (2023).

"Issues not adequately briefed are deemed waived or abandoned." *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017). While appellate courts liberally construe the pleadings of pro se litigants like Mother, the court still requires pro se litigants to follow procedural rules and adequately assert their claims. *Sperry v. McKune*, 305 Kan. 469, 490, 384 P.3d 1003 (2016). Arguably, Mother fails to adequately brief most, if not all, of the issues she apparently wants to raise. Although Mother complains about the district court's decisions, she fails to point to factual or legal errors undermining those decisions. This unclear and scant briefing inhibits the court's ability to discern and address her concerns. Nevertheless, this court's review of the available record demonstrates that the district court made reasonable decisions based on the facts and applied the appropriate law.

While not ideally stated, Mother's brief most clearly challenges the district court's findings and rulings on child custody. The district court's paramount consideration when determining child custody and parenting time is the best interests of the child. K.S.A. 23-3201. A district court is in the best position to make a determination about a child's welfare and best interests, so appellate courts review decisions about a child's custody,

residency, visitation, or parenting time for an abuse of discretion. See *M.R.B.*, 313 Kan. at 861-62; K.S.A. 23-3201 et seq.

Appellate courts review challenges to factual findings in support of a child's best interests determination by viewing the evidence in the most favorable light to the prevailing party to determine whether the determinations are supported by substantial competent evidence. *M.R.B.*, 313 Kan. at 862. "Substantial competent evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion." 313 Kan. at 862. An appellate court "will not reweigh the evidence, substitute its evaluation of it for that of the trial court's, or pass upon the credibility of the witnesses." 313 Kan. at 863-64 (citing *In re Adoption of B.C.S.*, 245 Kan. 182, 187, 777 P.2d 776 [1989]).

K.S.A. 23-3203 provides a nonexclusive list of factors for the district court to consider when determining the best interests of a child. Neither parent has a vested interest in custody or residency of the child, and there is no presumption that the mother should have custody, regardless of the age of the child. K.S.A. 23-3204; *M.R.B.*, 313 Kan. at 861. Here, the district court referred to the factors outlined in K.S.A. 23-3203 and addressed them in detail as they pertained to the parties. After making its findings, the court found it was in the children's best interests for Mother and Father to have joint legal custody as well as shared residential custody.

Although Mother lists the full language of K.S.A. 23-3203 and identifies the factors the district court relied on, she makes no argument as to how the court erred in applying the factors. Mother's brief only states a factor "should have favored" her. Otherwise, she makes no other argument. Mother does not address which factor is relevant to each alleged error she raises. She also fails to explain how the court erred regarding Father's parenting time. Mother simply seeks to have this court supplant the district court's findings by relitigating the issues presented to the district court. Mother

poses no real argument on appeal that the district court abused its discretion, and this court finds no such abuse. Additionally, one of Mother's primary allegations is that the district court erred in its 2019 decision not to allow Mother to relocate out of state for her job. It is difficult to understand how that 2019 decision could be properly before this court given the plethora of intervening decisions. Not only does Mother fail to demonstrate how the district court's decision was an abuse of discretion other than merely conclusory stating so—she fails to show it is a current concern. Mother does not assert that she has the present desire or ability to relocate, so even if the district court's decision was in error—which Mother has not shown—there is no recourse sought regarding that error. Mother's general displeasure with the district court's handling of these proceedings is evident—but it does not create or demonstrate error.

Similarly, Mother makes no cognizable claim that the court abused its discretion regarding child support or its property division. Instead, Mother makes conclusory statements of error or abuse without providing any supporting authority or citations to evidence from the trial or exhibits. This court relies solely on the information included in the record on appeal—it has no access to the testimony or evidence submitted at trial that is not included in the appellate record. Mother failed to include the trial transcripts in the appellate record despite having the onus to ensure the record was sufficient for an adequate review. See *Kelly v. VinZant*, 287 Kan. 509, 526, 197 P.3d 803 (2008) ("An appellant has the burden to designate a record sufficient to establish the claimed error; without such a record, the claim of error fails.").

In a review of the available filings and records, it appears the district court made thoughtful, reasoned decisions on child support, child custody, and property division. Mother cites no error of law or facts undermining the district court's decision. Moreover, Mother fails to attack specific findings or decisions regarding the property division, leaving this court with nothing to consider. Mother failed to demonstrate that the district court abused its discretion regarding its child support and property division rulings.

7

## II. FATHER FAILED TO CROSS-APPEAL AND IS NOT ENTITLED TO FEES

Father appears to also seek review of some portion of the district court's property division decision and also requests fees. Father moved the court to take judicial notice of Sedgwick County land records. While the court may take judicial notice of these documents because they are in the public record and Mother has not objected—Father failed to cross-appeal related to his objections and the records are not necessary for this court's review of Mother's claims. See K.S.A. 60-409; K.S.A. 60-412; *Lumry v. State*, 305 Kan. 545, 554, 385 P.3d 479 (2016) (appellee is required by statute to cross-appeal regarding issues appellee wants reviewed); K.S.A. 60-2103(h). Therefore, this court need not consider those records.

Father, who is pro se, also maintains he should be awarded fees under Kansas Supreme Court Rule 7.07(c), which provides, in relevant part:

> "(c) Frivolous Appeal. If an appellate court finds that an appeal has been taken frivolously, or only for the purpose of harassment or delay, it may assess against the appellant or appellant's counsel, or both, the cost of reproduction of the appellee's brief and a reasonable attorney fee for the appellee's counsel." (2025 Kan. S. Ct. R. at 52).

"A frivolous appeal presents no justifiable question and is easily recognized as having little chance of success." *Tharrett v. Everett*, 321 Kan. 90, 97, 573 P.3d 680 (2025).

Father maintains he should be entitled to fees under Rule 7.07(c) because Mother provided no transcripts and failed to comply with Rule 6.02 as well as what he terms "serial extensions." However, Father does not contend Mother's appeal was initiated to harass or delay or that it is frivolous in that it presented no justifiable question. While Mother's brief may be difficult to parse and lack adequate support for her arguments, this court cannot say it is frivolous. Further, frivolity is not synonymous with a lack of success. See *Giblin v. Giblin*, 253 Kan. 240, 252, 854 P.2d 816 (1993) ("'The fact that a

party's claim is ultimately denied does not, in and of itself, indicate [that] the claim was frivolous.'") (quoting *Reyna v. General Group of Companies*, 15 Kan. App. 2d 591, Syl. ¶ 3, 814 P.2d 96 [1991]). Additionally, Father's motion seeking fees failed to comply with Rule 7.07(b)(2). Thus, Father is not entitled to fees under Rule 7.07(c).

CONCLUSION

Mother failed to adequately support the issues she wants to raise on appeal. Her arguments that the district court erred in its child custody, child support, and property division decisions are almost entirely conclusory and lack fundamentally necessary foundation for meaningful review. Mother failed to meet her burden of showing the district court abused its discretion in making its rulings. Father failed to cross-appeal, so any issues he sought to raise are not properly before this court. Father also failed to comply with Rule 7.07(b)(2) when requesting appellate fees and failed to demonstrate that Mother's appeal is frivolous or meant to harass or delay, and his request for fees is denied. While divorce and child custody proceedings are difficult and often lead to results the parties do not feel are justified, this court's review is limited, and it must be presented with adequate arguments about error before it can provide recourse.

Affirmed.